IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | § § § | |
| VS. | § § | ACTION NO. 4:15-CV-785-Y |
| BARBARA L. MAXEY and ALL OCCUPANTS OF 521 KEMPER AVENUE, CROWLEY, TX 76036 | § § § | |

ORDER OF REMAND

    The above-captioned action is before the Court by the operation of a notice of removal filed on October 19, 2015, by defendant Barbara Maxey, who is proceeding herein pro se.  The notice asserts that this Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331.  After having reviewed the notice of removal and all papers attached thereto, the Court concludes that this cause should be remanded to the court from which it was removed.

    Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state-court action as to which the federal district courts would have original jurisdiction.  The removing party bears the burden of establishing that federal subject-matter jurisdiction exists. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)(citation omitted).  Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise

ORDER OF REMAND - Page 1
TRM/chr

of federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Remand is proper when there is any doubt as to the existence of federal jurisdiction. *See Cyr v. Kaiser Found. Health Plan of Tex.*, 12 F. Supp. 2d 556, 565 (N.D. Tex. 1998) (McBryde, J.).

The existence of federal-question jurisdiction is determined by applying the "well-pleaded-complaint rule." *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). Under the rule, the existence of jurisdiction is determined solely from what appears on the face of the plaintiff's complaint. *Id.* at 10. "[A] case may <u>not</u> be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original). "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* at 392.

Defendant asserts federal-question jurisdiction under 28 U.S.C. § 1331. Under that statute, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant alleges that "[t]he district courts shall have original jurisdiction because this is a Federal question because of the Fair Debt Collections Practices Act (FDCPA) at 15 USC 1692g." (Notice of Removal [doc. 1] 2.)

But a review of the papers attached to the Notice of Removal

reflect that the underlying state-court action is an eviction suit. Nothing on the face of any of the attached papers raises a federal question.  Whatever defenses Defendant believes she may have to the state-court eviction suit cannot stand as the basis for removal of the suit to federal court, but must be raised in the state-court action or, if appropriate, brought separately in federal court.

    As a result, this cause is hereby REMANDED to the Justice of the Peace Court, Precinct Six, Tarrant County, Texas.

    SIGNED October 22, 2015.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE